1  **Lewis Roca Rothgerber Christie LLP**
   201 East Washington Street, Suite 1200
2  Phoenix, AZ 85004-2595
   Telephone: 602.262.5311
3  **Kyle W. Kellar** (*Pro hac vice* pending)
   Direct Dial: 626.683.4590
   Direct Fax: 626.577.8800
4  Email:  kkellar@lewisroca.com

   **Ryan D. Pont** (State Bar No. 033391)
5  Direct Dial: 602.262.5313
   Direct Fax: 602.734.3769
   Email: rpont@lewisroca.com
6
   *Attorneys for Plaintiff wavve Americas, Inc.*
7

8

9                   UNITED STATES DISTRICT COURT

10                       DISTRICT OF ARIZONA

11 | Wavve Americas, Inc., a Delaware corporation, | Case No. |
   | Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT [17 U.S.C. § 501]** |
   | vs. | **DEMAND FOR JURY TRIAL** |
   | Unknown Registrant Of goplay.pw; Unknown Registrant Of sonagitv.live; Unknown Registrant Of kotbc.com; Unknown Registrant Of yewootv.com; Unknown Registrant Of tv25.co; and James Marque, an individual, | |
   | Defendants. | |

21    Plaintiff wavve Americas, Inc. ("wA" or "Plaintiff") by and through its attorneys,
22 asserts this Complaint against Defendants Unknown Registrant of GOPLAY.PW,
23 Unknown Registrant of SONAGITV.LIVE, Unknown Registrant of KOTBC.COM,
24 Unknown Registrant of YEWOOTV.COM, Unknown Registrant of TV25.CO, and James
25 Marque, the registrant of SAFETV-ONLINE.COM (collectively, "Defendants"). The true
26 identity/identities of each of the registrants of the domain names of GOPLAY.PW,
27 SONAGITV.LIVE, KOTBC.COM, YEWOOTV.COM, and TV25.CO (collectively,
28 the "Masked Domain Names") is/are presently unknown, as set forth below.

125750303.1

## JURISDICTION AND VENUE

1. This is an action for copyright infringing under 17 U.S.C. § 501.

2. This Court has jurisdiction over the subject matter of this lawsuit pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has specific personal jurisdiction over Defendants because they[1] have registered the domain names of GOPLAY.PW, SONAGITV.LIVE, KOTBC.COM, SAFETV-ONLINE.COM, YEWOOTV.COM, and TV25.CO (collectively, the "Domain Names") with Namecheap, Inc., an Arizona-based domain registrar with a website at NAMECHEAP.COM ("Namecheap"). True and correct copies of the WHOIS information available for each of the Domain Names listing Namecheap under Registrar Information are attached as Exhibits A-1 through A-6.

4. Namecheap requires its registrants to consent to personal jurisdiction in this Court for disputes between Namecheap registrants, such as Defendants, and third parties, such as wA. Specifically, the Namecheap Registration Agreement, to which all Namecheap registrants must agree, provides that:

> [F]or the adjudication of third party disputes (i.e., disputes between you and another party, not us) concerning or arising from use of domain names registered hereunder, you shall submit without objection, without prejudice to other potentially applicable jurisdictions, to the subject matter and personal jurisdiction of the courts (i) of the domicile of the registrant as it appears in the public WHOIS record for the domain name(s) in controversy, and (ii) where we are located, currently those State or federal courts whose geographic districts include Maricopa County, State of Arizona.

A true and correct copy of the Namecheap Registration Agreement is attached as Exhibit B.

---

[1] For clarity, Defendants will be jointly referred to using the third-person pronoun "they." However, it is unknown at this time if the registrants of the Masked Domain Names are different individuals or entities, or if they are the same individual or entity, and the use of "they" should not be understood as a representation that the registrants of the Masked Domain Names are different individuals or entities.

5. Additionally, this Court has specific jurisdiction on account of Defendants' distribution of infringing content within this state. The Court's exercise of personal jurisdiction over Defendants is reasonable.

6. Furthermore, if the Court finds that any Defendant has not consented to jurisdiction in this Court or that the requirements for specific personal jurisdiction are otherwise unmet, this Court has general personal jurisdiction over Defendants under at least Fed. R. Civ. P. 4(k)(2) because Plaintiff's claim arises under federal copyright law, any such Defendant would not be subject to jurisdiction in any one state's courts of general jurisdiction, and the exercise of jurisdiction over any such Defendant would comport with due process.

7. Venue is appropriate in this district under 28 U.S.C. § 1391 because the claim asserted arises out of wrongful acts that occurred and are occurring within this judicial district.

**THE PARTIES**

8. Plaintiff wavve Americas, Inc. is a Delaware corporation with its principal place of business at 515 S. Figueroa St., Suite 1230, Los Angeles, California 90071.

9. Defendants are the unknown registrant(s) of GOPLAY.PW, SONAGITV.LIVE, KOTBC.COM, YEWOOTV.COM and TV25.CO, and James Marque, the registrant of SAFETV-ONLINE.COM.[2] In this case, the identities of all but one[3] of the Defendants are protected by a "privacy protection" service offered by the company Withheld for Privacy ehf ("Withheld for Privacy"). *See* Exs. A-1, A-2, A-3, A-4, and A-5. Withheld for Privacy allows a registrant to register a domain name without listing the registrant's true name, email address, or contact information in the publicly available

---

[2] To the extent temporary and/or final resolution of this matter requires action by Namecheap, wA understands that Namecheap consents to this Court's jurisdiction without being a named party in the lawsuit. Exhibit C is a true and correct copy of Namecheap's Court Order & Subpoena Policy, which states "No, you do not need to name Namecheap or Withheld for Privacy in a legal action."

[3] According to the WHOIS information for SAFETV-ONLINE.COM, the registrant of SAFETV-ONLINE.COM is alleged to be James Marque with an address in the Philippines. *See* Ex. A-6.

1  "WHOIS" database of domain name registrants. Instead, Withheld for Privacy submits
2  generated "proxy" information to the WHOIS database to "identify" the registrant.

3  10. According to Withheld for Privacy's Terms of Service, a true and correct
4  copy of which is attached hereto as Exhibit D, Withheld for Privacy "provide[s]
5  anonymized email solutions that allow third parties to contact your Customer directly
6  without disclosing your Customers personal email information." This process is further
7  explained at Namecheap's website addressing "How does Domain Privacy work?," where
8  Namecheap explains that "Your personal email address will be replaced with a unique
9  Withheldforprivacy.com one
10 (e.g., *35180ba032214a9387fe517f46b6037d.protect@withheldforprivacy.com*), and every
11 email sent to this email address will be forwarded to your Registrant email address."
12 A true and correct screenshot of this website is attached hereto as Exhibit E.

### FACTUAL BACKGROUND

### wavve Americas' KOCOWA® Service and Exclusive Copyright Rights

15 11. wA is a leading entertainment company and distributor of Korea-originating
16 media content in the Americas. wA is a joint partnership between Content Wavve,
17 SK Telecom, Kwangju Broadcasting Corporation (KBS), Munhwa Broadcasting
18 Corporation (MBC), and Seoul Broadcasting System (SBS). KBS, MBC, and SBS are the
19 three largest Korean broadcast networks.

20 12. Recognizing a growing demand for Korea-produced programming in the
21 United States, wA built its KOCOWA® platform to provide K-drama, K-reality, K-variety,
22 and K-pop content in the United States and elsewhere. wA's KOCOWA platform is an
23 over-the-top (OTT) media service that distributes (*i.e.*, streams) media content directly to
24 viewers via the Internet. wA owns and maintains the domain name KOCOWA.COM,
25 through which it provides information about, accepts subscriptions to, and provides an
26 on-line version of its KOCOWA® service. The KOCOWA® service is also available via
27 applications available on, for example, Apple's App Store and the Google Play Store.

13. wA does not currently create original content. Instead, wA licenses original programming that first airs in Korea[4] for distribution in the United States and elsewhere via its KOCOWA® service. wA currently offers more than 1,300 shows through its Kocowa service, and new programming is added regularly.

14. wA has been granted exclusive licenses from the copyright owners including, *inter alia*, the three largest Korean broadcast networks—KBS, SBS, and MBC—to distribute (*i.e.*, stream) over 1,100 different programs in the United States and elsewhere.

15. A current list of content that is presently exclusively licensed to wA for distribution (*i.e.*, streaming) in, *inter alia*, the United States is attached hereto as Exhibit F. In addition to bulk licensing, some programs are individually licensed to wA for distribution. A sample of such license agreements, each of which grants wA, *inter alia*, the exclusive right to distribute the listed program in the United States, is attached hereto as Exhibit G (the exclusively licensed programs listed in Exhibits F and G are collectively referred to as the "Works").[5]

16. The KOCOWA® service provides content, including the Works, as a Video-on-Demand service to registered users. Some content is available to registered users for free with ads, from which wA generates revenue. This is called Advertising Video-on-Demand (AVOD). However, the vast majority of content is provided without ads to registered users that pay a recurring subscription fee to wA. This is called Subscription Video-on-Demand (SVOD).

**Infringement of wA's Exclusive Distribution Rights**

17. Defendants are the presently unknown registrants and owners of the Masked Domain Names, and James Marque, the registrant of SAFETV-ONLINE.COM, each Domain Name being accessible to and targeting individuals in the United States. A printout of the webpage that resolves from each of the Domain Names as it appears in the

---

[4] All references to "Korea" herein refer to the Republic of Korea, colloquially known as South Korea.
[5] Some agreements are in English while others are in Korean. The Korean-language agreements have a translation appended thereto.

United States is attached hereto as Exhibits H-1 through H-6, with the corresponding access date printed in the footer of each printout.

18. Upon reaching the webpages that resolve from the Domain Names, users can select from a wide variety of media content, including TV shows and movies, for viewing entirely free of charge, many of which are exclusively licensed to wA for distribution in the United States. It is currently believed that each of the Domain Names is a large-scale copyright piracy operation, lacking legitimate rights to distribute much, if any, of the content they distribute. Further, on information and belief, the registrant of each of the Domain Names is responsible for uploading the infringing content to the websites that resolve from the respective Domain Names. To frustrate enforcement efforts, many of the Domain Names use rotating or varying subdomains. The most common subdomain is www, but many of the Domain Names replace www with rotating subdomains, which "moves," in a virtual sense, the infringing content without requiring the purchase and maintenance of a new domain name.

19. For example, during the preparation of this Complaint, the domain name SONAGITV.LIVE was accessible at S54.SONAGITV.LIVE (S54 is the subdomain), and later at S58.SONAGITV.LIVE, and then at S59.SONAGITV.LIVE. However, this same content is now available at V1.SONAGITV.LIVE. wA expects the infringing content will move again.

20. As another example, during the preparation of this Complaint, the domain name KOTBC.COM was accessible at M86.KOTBC.COM (M86 is the subdomain). However, this same content is now available at M114.KOTBC.COM, and wA expects the infringing content will move again. Indeed, the domain name KOTBC.COM updates its viewers with the new subdomain via its telegram page, https://t.me/s/kotbccom, a portion of which is reproduced below, evidencing its established practice of rotating subdomains every few days:

21.   As another example, during the preparation of this Complaint, the domain name SAFETV-ONLINE.COM was accessible at S15.SAFETV-ONLINE.COM (S15 is the subdomain). However, this same content is now available at S16.SAFETV-ONLINE.COM, and wA expects the infringing content will move again.

22.   Because many of the Domain Names use such methods of concealment to hide their infringing activities and frustrate enforcement efforts, the only remedy available to wA is that the respective domain names itself be terminated or canceled along with an Order preventing Defendants from "virtually" moving the infringing content to a new domain name.

23.   As explained above, wA has the exclusive right to distribute (*i.e.*, stream) in the United States over 1,300 shows created by Korean networks and companies and that first air in Korea. wA distributes the Works through its KOCOWA® OTT service and receives renumeration in the form of advertising revenue for AVOD programming and subscription revenue for SVOD content.

24.   Defendants do not have permission to copy, host, publish, and/or distribute any of the Works. A small sample of the Works illegitimately available via the Domain Names, along with where these Works are available for legitimate viewing via wA's KOCOWA service, is attached hereto as Exhibits I-1 through I-6.

25. Defendants are distributing unauthorized copies of at least the Works listed in Exhibit I free of charge via their respective Domain Names. Further, Defendants are distributing the unauthorized copies of the Works in the same OTT format as wA's KOCOWA® service to users in the United States.

26. As the domain name registrar, Namecheap has the authority to control and manage the Domain Names by handling reservation of the domain names, assignment of available IP addresses, and if so ordered, transfer, suspension, or cancellation of the domain names.

27. Defendants rely on Namecheap's services to operate the Domain Names.

28. Defendants are profiting from the unauthorized distribution of the Works at least through the extensive placement of advertisements on the Domain Names.

29. GOPLAY.PW specifically targets United States individuals because it is entirely in English, with even the Korean-language program titles on its webpage being translated to English for easier viewing by individuals in the United States, and tellingly, requests donations in United States Dollars ($). Moreover, GOPLAY.PW requires the use of a "GoPlay Extension" for viewing certain programs of the Works. The "GoPlay Extension" is available for download via an online store, Chrome Web Store, of Google Chrome[6], which is a web browser used by an overwhelming majority of United States individuals[7].

30. SONAGITV.LIVE specifically targets United States individuals because it includes a copyright notice entirely in English at the bottom of its webpage, thereby addressing legal compliance exclusively relevant to individuals in the United States.

31. Furthermore, each of the Domain Names specifically targets United States individuals because they respectively utilize Cloudflare's North American CDN (Content

---

[6] A printout of the "GoPlay Extension" as shown on the Chrome Web Store is attached hereto as Exhibit J.

[7] Statcounter GlobalStats, *Browser Market Share United States Of America*, https://gs.statcounter.com/browser-market-share/all/united-states-of-america (last accessed on July 10, 2024).

1   Delivery Network) service, for faster and more reliable viewing by individuals in the
2   United States.

3         32.    None of the Defendants have a registered agent for the notification of
4   copyright infringement as required by the Digital Millennium Copyright Act, 17 U.S.C.
5   § 512, ("DMCA") and, therefore, are ineligible for any safe harbor against liability that the
6   DMCA provides.

### wA's Attempts to Stop the Infringing Conduct

8         33.    Counsel for wA contacted Namecheap, the registrar for each of the Domain
9   Names, by email on July 15, 2024 and then again on July 31, 2024. A true and correct copy
10  of each of these emails is collectively attached hereto as Exhibits K-1 and K-2 respectively.
11  In the July 15, 2024 email, wA's counsel informed Namecheap of the infringement
12  occurring on the websites associated with the domain names of <goplay.pw>,
13  <sonagitv.live>, <kotbc.com>, <yewootv.com>, and <safetv-online.com>, and states that
14  these websites "are respectively unlawfully providing, *inter alia*, numerous Korean
15  television shows and films to viewers in the United States." In the July 31, 2024 email,
16  wA's counsel similarly informs Namecheap of the infringement occurring on the website
17  https://tv25.co/. In its emails, wA states that "wA is authorized to take this action by the
18  copyright holder," and that wA has a good faith belief that each of these infringing websites
19  "do not have the right to present this show to viewers in the United States." In both emails,
20  wA also requests Namecheap "to immediately disable access to the infringing material"
21  available on each of these websites.

22        34.    On July 15, 2024, wA's counsel received a response from Namecheap
23  confirming receipt of wA's July 15, 2024 email, and assigning the matter Namecheap ticket
24  ID: YZH-396-84229. On July 31, 2024, wA's counsel received a response from
25  Namecheap confirming receipt of wA's July 31, 2024 email, and assigning the matter
26  Namecheap ticket ID: BHV-872-76515. A true and correct copy of each of Namecheap's
27  emails acknowledging receipt are attached hereto as Exhibits L-1 and L-2 respectively.
28  To date, wA has not received any substantive response from Namecheap.

35. On July 26, 2024, and on July 31, 2024, Counsel for wA also contacted each of the Unknown Registrants of GOPLAY.PW, SONAGITV.LIVE, KOTBC.COM, YEWOOTV.COM and TV25.CO, and James Marque (registrant of SAFETV-ONLINE.COM) through their respective domain registrant email addresses, as identified in their respective WHOIS information. True and correct copies of each of wA's July 26, 2024 emails and July 31, 2024 email are collectively attached hereto as Exhibits M-1 through M-6.

36. Within the emails, counsel for wA notified each of these Defendants of their copyright infringement. In each respective letter, wA's counsel specifically informs each of these Defendants that their respectively owned domain name "is unlawfully providing numerous Korean television shows to viewers in the United States in violation of wA's exclusive rights." wA's counsel also demands that each of these Defendants "remove all infringing works from the same," including "the removal of all unauthorized copies of wA's licensed material, as well as any related content, links, or materials associated with the infringement." In its letters, wA further states its intent to file suit if these demands are not met. To date, wA has not received any response to its July 26, 2024 emails, nor its July 31, 2024 email.

37. Namecheap has been aware of the copyright infringement occurring on the webpages resolving from each of the Domain Names since at least July 15, 2024, and was reminded again on July 31, 2024. To date, Namecheap has not taken any action to restrict access to any portion of the Domain Names in response to wA's request.

38. As of today, each of the Domain Names remain active, and the webpages resolving from each of the Domain Names continue to show infringing content.

## **COUNT 1**

## **(Copyright Infringement by All Defendants)**

### **[17 U.S.C. § 501]**

39. wA repeats and realleges the allegations of paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. wA is the exclusive licensee having the right to distribute the Works in the United States under 17 U.S.C. § 106(3) & (5) and is entitled to seek damages for infringement of these rights under 17 U.S.C. § 501(b).

41. The Works are not United States works as defined by Section 101 of the Copyright Act at least because each Work was first published in Korea. Korea is a party to the Berne Convention, having become a member on August 21, 1996. Thus, the registration requirement of 15 U.S.C. § 411(a) is excused as to the Works.

42. Defendants unlawfully created copies of the Works and distributed the Works into the United States via the Domain Names.

43. By distributing the Works to third parties in the United States via the Domain Names, Defendants distributed the Works without wA's authorization and in contravention of wA's exclusive rights to do the same.

44. Defendants' unauthorized copying and distribution of the Works violates wA's exclusive rights under 17 U.S.C. § 106.

45. Defendants' infringements have been deliberate, willful, and in utter disregard of wA's exclusive rights.

46. As a direct and proximate result of Defendants' willful copyright infringement, wA has suffered, and will continue to suffer, monetary loss to its business, reputation, and goodwill. wA is entitled to recover from Defendants, in amounts to be determined at trial, the damages it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants through their acts of infringement and distribution of the infringing content pursuant to 17 U.S.C. § 504(b). At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by wA but will be established according to proof at trial.

47. wA is also entitled to a preliminary and permanent injunction preventing Defendants from further infringing wA's exclusive rights.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, wavve Americas, Inc. prays for:

1. Pursuant to 17 U.S.C. § 502, a temporary, preliminary, and permanent injunction preventing Defendants from reproducing, distributing, or publicly displaying the Works or derivatives thereof, including but not limited to termination or cancellation of the Domain Names and a temporary, preliminary, and permanent injunction restraining Defendants from operating, registering, and/or hosting websites that infringe wA's exclusive rights to distribute the Works in the United States;

2. Pursuant to 17 U.S.C. § 504, an award of all actual damages suffered by wavve Americas, Inc. including all direct and indirect profits earned by Defendants attributable to the infringement of the copyrighted Works;

3. Pursuant to 17 U.S.C. § 505, an award of all costs and reasonable attorneys' fees incurred prosecuting this action;

4. Recovery of any gains, profits and advantages Defendant have obtained as a result of Defendants' unlawful actions; and

5. All such other and further relief as the Court deems proper.

DATED this 14th day of August, 2024.

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: s/Ryan D. Pont
Kyle W. Kellar
Ryan D. Pont

*Attorneys for Plaintiff wavve Americas, Inc.*

# JURY DEMAND

wavve Americas, Inc. demands a jury trial on all issues for which a jury trial is permitted.

DATED this 14th day of August, 2024.

                                            Respectfully submitted,

                                            LEWIS ROCA ROTHGERBER CHRISTIE LLP

                                            By: s/Ryan D. Pont
                                                    Kyle W. Kellar
                                                    Ryan D. Pont

                                            *Attorneys for Plaintiff wavve Americas, Inc.*