**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wavve Americas Incorporated, | No. CV-24-02071-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

Plaintiff has filed a motion for an *ex parte* temporary restraining order ("TRO") (Doc. 3) and motion for expedited discovery (Doc. 6). For the following reasons, the TRO motion is denied and the expedited discovery motion is granted.

## BACKGROUND

On August 14, 2024, Plaintiff filed the complaint, alleging copyright infringement against Defendants Unknown Registrant of GOPLAY.PW, Unknown Registrant of SONAGITV.LIVE, Unknown Registrant of KOTBC.COM, Unknown Registrant of YEWOOTV.COM, Unknown Registrant of TV25.CO, and James Marque, the registrant of SAFETV-ONLINE.COM (collectively, "Defendants"). (Doc. 1 at 1.) The complaint alleges that Defendants "have registered the domain names of GOPLAY.PW, SONAGITV.LIVE, KOTBC.COM, SAFETV-ONLINE.COM, YEWOOTV.COM, and TV25.CO" (collectively, the "Domain Names") with Namecheap, Inc., an Arizona-based domain registrar with a website at NAMECHEAP.COM ("Namecheap"). (*Id.* ¶ 3.) The complaint further alleges that the Domain Names lead to webpages where the public can

view, free of charge, "media content, including TV shows and movies . . . many of which are exclusively licensed to [Plaintiff] for distribution in the United States." (*Id.* ¶ 18.) Defendants allegedly "use rotating or varying subdomains" in order to "frustrate enforcement efforts." (*Id.*)

That same day, Plaintiff filed the two pending motions. First, Plaintiff seeks an *ex parte* TRO requiring nonparty Namecheap "to disable and place a registry hold on [the Domain Names] for the pendency of the litigation" and "to unmask and reveal the actual identity of each of the unknown registrants of the Domain Names." (Doc. 3 at 1-2.) Second, in the motion for expedited discovery, which is partially duplicative of the TRO request, Plaintiff seeks leave to serve a subpoena on nonparty Namecheap to "identify the unknown defendants." (Doc. 6 at 4.)

**DISCUSSION**

I.  TRO Request

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that the Court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if" two requirements are met: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Plaintiff asserts that an *ex parte* TRO "is necessary" because "to frustrate copyright enforcement efforts, the infringing content available on various of the Domain Names is being regularly moved to slightly altered versions of these Domain Names" due to "Defendants' attempts to confound detection." (Doc. 3 at 2.) However, the TRO that Plaintiff seeks would not enjoin *Defendants*. Plaintiff seeks a TRO that would bind Namecheap, a nonparty.

"An injunction binds a non-party only if it has actual notice and either abets the enjoined party in violating the injunction or is legally identified with the enjoined party."

*Consumer Fin. Prot. Bureau v. Howard L., P.C.*, 671 F. App'x 954, 955 (9th Cir. 2016) (cleaned up).  Here, because Plaintiff is not seeking to restrain Defendants in any respect, it follows that any subsequent action by Namecheap in continuing to allow Defendants to maintain the Domain Names would not qualify as "abet[ting] the *enjoined party* in violating the injunction."  Additionally, even if Plaintiff had sought and obtained a TRO directed toward Defendants, Plaintiff would not be entitled to obtain a no-notice injunction against Namecheap at this early juncture due to the absence of any allegation that Namecheap is aware of the infringing conduct.  *See. e.g., Whaleco Incorporated v. Arslan*, 2024 WL 342459, *2 (D. Ariz. 2024) ("Whaleco's proposed TRO . . . goes too far . . . [because] much of the proposed TRO is directed toward non-party Namecheap Incorporated, the domain name registrar for the websites at issue.  This Court previously has rejected the argument that domain registrars necessarily act in concert or participation with a client who uses a domain to commit intellectual property violations.  Although a domain registrar who receives notice of [a TRO directed against the Defendants] cannot thereafter take actions that facilitate an effort by Defendants to evade or violate the TRO, the Court remains convinced that it lacks authority to order a non-party domain registrar to act before it even has notice of the injunction, and before it has been asked by any defendant to facilitate a potential violation of that order.  The Court therefore denies Whaleco's motion for a TRO to the extent that it asks the Court to order Namecheap or other non-party domain registrars to act.") (citations omitted); *Fornix Holdings LLC v. Unknown Party*, 2022 WL 992546, *2 (D. Ariz. 2022) ("Plaintiffs' argument fails because they do not allege that . . . Namecheap knew of the defendant's allegedly infringing conduct and nevertheless continued to provide services that facilitated that infringement.  They cannot be said to be aiding and abetting the defendant, and thus, the Court cannot bind them to a TRO absent them being named parties.").

Thus, the *ex parte* TRO request is denied.

II.     Expedited Discovery

"[S]ituations arise, such as the present, where the identity of alleged defendants will

not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Courts have held that there is good cause to permit expedited discovery for the purpose of identifying unknown defendants who own infringing domain names. *See, e.g.*, *Fornix Holdings*, 2022 WL 992546 at *2 ("Plaintiffs have detailed their attempts to identify the defendant, and their request for expedited discovery directed to Namecheap, the service provider, is limited to that identification. This is good cause."); *Malibu Media, LLC v. John Does 1 through 12*, 2012 WL 2872835, *2 (E.D. Cal. 2012) (collecting cases); *Arista Recs. LLC v. Does 1-43*, 2007 WL 4538697, *1 (S.D. Cal. 2007) ("[T]he Court finds good cause to grant Plaintiffs' Application, based on: (1) the allegations of copyright infringement contained in Plaintiffs' complaint; (2) the danger that SBC will not long preserve the information that Plaintiffs seek; (3) the narrow tailoring of the discovery request so as not to exceed the minimum information required to advance this lawsuit without prejudicing the Defendants; and (4) the Court's finding that the expedited discovery requested will substantially contribute to moving this case forward. Furthermore, without such discovery, Plaintiffs cannot identify the Doe Defendants, and thus cannot pursue their lawsuit to protect their copyrighted works from infringement.").

Accordingly,

**IT IS ORDERED** that Plaintiff's TRO motion (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for expedited discovery (Doc. 6) is **granted**.

Dated this 16th day of August, 2024.

_____
Dominic W. Lanza
United States District Judge