**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wavve Americas Incorporated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Unknown Party, et al.,<br><br>　　　　　Defendants. | No. CV-24-02071-PHX-DWL<br><br>**ORDER** |

　　　Plaintiff has filed a motion to modify the Court's previous order granting expedited discovery (Doc. 46) and *ex parte* motion for temporary restraining order ("TRO") (Doc. 47). For the reasons that follow, the former is granted as outlined below and the latter is denied without prejudice.

## BACKGROUND

　　　On August 14, 2024, Plaintiff filed the complaint, alleging copyright infringement by the then-unknown registrants of various domain names. (Doc. 1.) Plaintiff also filed an *ex parte* motion for TRO and motion for preliminary injunction to require nonparty Namecheap, Inc. ("Namecheap") "to disable and place a registry hold on the domain names for the pendency of the litigation" and "to unmask and reveal the actual identity of each of the unknown registrants of the [domain names]." (Doc. 3 at 1-2.) Plaintiff also filed a motion to engage in expedited discovery by serving a subpoena on Namecheap to "identify the unknown defendants." (Doc. 6 at 4.)

　　　On August 16, 2024, the Court issued an order denying the requested injunctive

1  relief because it would have only been directed toward Namecheap, a non-party, and not
2  toward Defendants. (Doc. 17.) In the same order, the Court granted Plaintiff's request to
3  engage in expedited discovery. (*Id.*)

4  On September 5, 2024, Plaintiff filed a renewed application for a TRO and motion
5  for preliminary injunction (Doc. 22), which sought an *ex parte* TRO as to Defendants and
6  indicated that Namecheap had stipulated to entry of "any order issued by the Court
7  requiring Namecheap to act or to refrain from acting with regard to the domain names at
8  issue in this action, . . . including but not limited to disabling public access to, placing a
9  registry hold on, and/or transferring ownership of the [domain names]." (Doc. 22-2 at 14.)
10  That motion also sought an order permitting expedited discovery from "Vautron
11  Rechenzentrum AG as Registrar of record for TV25.INFO for the purpose of learning the
12  identity of the registrant of TV25.INFO." (Doc. 22 at 2.)

13  On September 9, 2024, the Court issued a TRO as to Defendants. (Doc. 24.) The
14  Court also concluded that "[u]nder the circumstances and in light of Namecheap's actual
15  awareness of this action and willingness to be bound, the Court sees little harm in binding
16  Namecheap," and due to Namecheap's stipulated non-opposition, the Court issued a
17  preliminary injunction as to Namecheap. (*Id.* at 8.) The Court also expanded the scope of
18  the previously authorized expedited discovery "to encompass one more domain name."
19  (*Id.* at 9.)

20  After extending the duration of the TRO as to Defendants once by an additional 14
21  days (Doc. 29), the Court ultimately converted the TRO to a preliminary injunction, to
22  remain in effect for the pendency of the action, unless otherwise ordered. (Doc. 32.)

23  On November 27, 2024, the Court granted Plaintiff leave to serve Defendants by
24  alternative means. (Doc. 35.) In that order, the Court also responded to various requests,
25  buried in "notices," asking the Court to expand the scope of the existing preliminary
26  injunction as to Namecheap and to expand the previously authorized expedited discovery
27  to encompass an ever-growing list of new domain names. The Court noted that it would
28  not consider requests not made by motion and clarified that Plaintiff could "renew its

1  requests by filing a motion that complies with Rule 7(b)."  (*Id.* at 7.)  However, the Court
2  further noted:

3  > [T]he problem Plaintiff has identified—discovering new infringing domain names—is one that has been ongoing, such that it was already highlighted in the original complaint at the time of filing this action.  The very relief Plaintiff sought—temporary injunctive relief—has spurred the latest spate of domain-name jumping.  It seems likely that expanding the scope of the existing preliminary injunction and the previously authorized expedited discovery to encompass the new domain names will simply lead to more domain-name jumping, such that the solution Plaintiff proposes does not appear to be efficient or effective.  Any renewed motion should address this dilemma.

9  (*Id.* at 7-8, cleaned up.)

10        On December 4, 2024, Plaintiff executed service on Defendants.  (Docs. 36-42.)

11        On January 30, 2025, Plaintiff filed an application for entry of default against all
12  Defendants (Doc. 45), which the Clerk entered (Doc. 48).

13        Also on January 30, 2025, Plaintiff filed the pending motion to expand the scope of
14  the previously authorized early discovery (Doc. 46) and the pending *ex parte* application
15  for TRO and preliminary injunction to require nonparty PayPal, Inc. ("PayPal") "to place
16  a temporary asset restraint on the PayPal account of ArmsAsuncion, which is operated by
17  the Defendant Registrant of GOPLAY.PW having the purported name of Thirdy Arms
18  ('Defendant Arms'), for the pendency of the litigation."  (Doc. 47.)

19  **DISCUSSION**

20  I.    <u>Early Discovery</u>

21        Plaintiff requests that the Court modify its August 16, 2024 order "to allow Plaintiff
22  to pursue additional discovery from third-parties Cloudflare, Inc. ('Cloudflare'), Google
23  LLC ('Google'), Mozilla Corporation ('Mozilla'), [PayPal], Reddit Inc. ('Reddit'), and
24  Interactive Advertising Bureau ('IAB') to locate and further identify the owners/operators
25  (*i.e.*, the registrants) of the domain names of GOPLAY.PW, SONAGITV.LIVE,
26  KOTBC.COM, YEWOOTV.COM, TV25.CO, and TV25.INFO (collectively, the 'Domain
27  Names')."  (Doc. 46 at 1-2.)

28        The August 16, 2024 order, which originally granted Plaintiff leave to conduct

expedited discovery, stated as follows:

> Situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Courts have held that there is good cause to permit expedited discovery for the purpose of identifying unknown defendants who own infringing domain names.

(Doc. 17 at 3-4, cleaned up.) The Court then granted leave to conduct early discovery without further elaboration.

Although the Court later modified this order "to encompass one more domain name" (Doc. 24 at 9), the Court now notes that the original authorization to conduct expedited discovery was not necessarily tethered to certain domain names. Rather, the authorization encompassed early discovery, in general, for the purposes of ascertaining the identity and whereabouts of the Defendants in this action.

Thus, the motion to modify the Court's original order is granted in that it clarifies that the order permits Plaintiff to conduct early discovery, using the subpoena power of Rule 45, to ascertain the identity and whereabouts of all Defendants to this action. It is not necessary for Plaintiffs to seek permission to add certain discovery recipients or to add certain domain names because the original order is broad enough to encompass any discovery intended to locate and identify Defendants.

II.     TRO As To PayPal

    A.     **Legal Standard**

Under Rule 65 of the Federal Rules of Civil Procedure, a party may seek injunctive relief if it believes it will suffer irreparable harm during the pendency of an action. There are two types of injunctions available under Rule 65: TROs and preliminary injunctions. Although both are governed by the same substantive standards, *see Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), a TRO may be issued without notice to the adverse party. More specifically, under Rule 65(b)(1), the Court "may issue a temporary restraining order without written or oral notice to the adverse

party or its attorney" if two requirements are met: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." The Ninth Circuit has cautioned that "very few circumstances justify the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

On the merits, "[a] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (cleaned up). *See also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.") (citation omitted). "A plaintiff seeking a preliminary injunction must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (cleaned up). Under this "serious questions" variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072. Regardless of which standard applies, the movant "carries the burden of proof on each element of either test." *Env't. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

"[I]n general, the court cannot issue a temporary restraining order requiring non-parties [to] take action." *Fornix Holdings LLC v. Unknown Party*, 2024 WL 5223585, *2 (D. Ariz. 2024). "An injunction binds a non-party only if it has actual notice and either

abets the enjoined party in violating the injunction or is legally identified with the enjoined party." *Consumer Fin. Prot. Bureau v. Howard L., P.C.*, 671 F. App'x 954, 955 (9th Cir. 2016) (cleaned up). An *ex parte* TRO as to a nonparty is thus impermissible, as "actual notice" is a prerequisite. *Id.* "The text of Rule 65(d) is exclusive, stating that an injunction can permissibly bind 'only' those persons listed in Rule 65(d)." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1287 (9th Cir. 2009). Where a TRO application as to a nonparty fails to establish or even argue that the nonparty qualifies as one of the persons listed in Rule 65(d), the application necessarily fails—unless the non-party stipulates to its agreement to be bound, as Namecheap did earlier in this case. *Cf. Fornix*, 2024 WL 5223585 at *2 (refusing to grant TRO where nonparty did not stipulate and no argument was made that Rule 65(d) was satisfied).

Here, Plaintiff has not established that PayPal is an officer, agent, servant, employee, attorney, or other person "in active concert or participation" with any Defendant. Fed. R. Civ. P. 65(d)(2). *See. e.g., Whaleco Incorporated v. Arslan*, 2024 WL 342459, *2 (D. Ariz. 2024) ("This Court previously has rejected the argument that domain registrars necessarily act in concert or participation with a client who uses a domain to commit intellectual property violations. Although a domain registrar who receives notice of [a TRO directed against the Defendants] cannot thereafter take actions that facilitate an effort by Defendants to evade or violate the TRO, the Court remains convinced that it lacks authority to order a non-party domain registrar to act before it even has notice of the injunction, and before it has been asked by any defendant to facilitate a potential violation of that order. The Court therefore denies Whaleco's motion for a TRO to the extent that it asks the Court to order Namecheap or other non-party domain registrars to act.") (citations omitted).

The TRO application is therefore denied without prejudice. Plaintiff may file a stipulation with PayPal, as it did earlier with Namecheap. Alternatively, if Plaintiff can bring forth evidence establishing that PayPal is a "person" encompassed by Rule 65(d)(2), Plaintiff may renew its motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to modify the Court's previous order granting expedited discovery (Doc. 46) is **granted** as outlined above.

**IT IS FURTHER ORDERED** that Plaintiff's *ex parte* motion for temporary restraining order (Doc. 47) is **denied without prejudice**.

Dated this 3rd day of February, 2025.

Dominic W. Lanza
United States District Judge